Stanley A. & Elinor B. Dunn v. Commissioner.
Dunn v. Commissioner
Docket Nos. 500-65, 3308-65.
United States Tax Court
T.C. Memo 1966-282; 1966 Tax Ct. Memo LEXIS 4; 25 T.C.M. (CCH) 1471; T.C.M. (RIA) 66282; December 30, 1966
*4 Stanley A. Dunn, pro se, 310 Plympton St., Verona, Wis. Robert M. Burns, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1961 and 1962 in the amounts of $377.60 and $526.93, respectively. The sole issue remaining is whether petitioner Stanley A. Dunn furnished more than one-half of the support of three children whom he claimed as dependents on his 1961 and 1962 returns. Findings of Fact Some of the facts have been stipulated and are found accordingly. Stanley A. Dunn and Elinor B. Dunn, the petitioners herein, are residents of Verona, Wisconsin. They timely filed their joint Federal income tax returns for the taxable years 1961 and 1962 with the district director of internal revenue, Milwaukee, Wisconsin. Any reference to petitioner shall be to Stanley, Elinor being a party solely by reason of her having joined in the tax returns. Elizabeth M. Dunn (hereafter referred to as "Elizabeth M.") and petitioner were husband and wife until their divorce at Reno, Nevada, in 1957. They had three children: Mark R. Dunn, born February 27, 1947; *5 Randolph A. Dunn, born January 30, 1950; and Elizabeth K. Dunn, born June 12, 1954. Pursuant to an agreement incorporated in their divorce decree, petitioner agreed to pay monthly to Elizabeth M. the sum of $83.33 for the support of each of their children that had not attained the age of 21. Elizabeth M. has not remarried since her divorce from Stanley. During the years 1961 and 1962 she lived with their three children in a house which she had purchased in Cambridge, Massachusetts. None of the three children had gross income of $600 in 1961 or 1962. Petitioner contributed the following total amounts toward the support of the three children: 1961
1962
Pursuant to divorce decree
$2,999.88
$2,999.88
Hospitalization insurance
75.00
75.00
Christmas and birthday gifts
30.00
30.00
Group medical insurance
52.08
52.43
$3,156.96
$3,157.31 One-third of these amounts, namely, $1,052.32 and $1,052.44, constituted support of each child. The total amounts spent for the support of the three children were at least the following: Mark
1961
1962
School
$1,478.00
$1,141.00
Music lessons
230.00
Food
400.00
400.00
Housing
600.00
600.00
Share of automobile expense
200.00
150.00
Hospitalization insurance *
25.00
25.00
Christmas and birthday gifts *
10.00
10.00
Medical insurance *
17.36
17.48
$2,960.36
$2,343.48
Randolph
School
$ 803.60
$ 910.00
Music lessons
115.00
Medical expenses
480.00
400.00
Food
400.00
400.00
Housing
600.00
600.00
Share of automobile expense
200.00
150.00
Hospitalization insurance *
25.00
25.00
Christmas and birthday gifts *
10.00
10.00
Medical insurance *
17.36
17.48
$2,650.96
$2,512.48
Elizabeth
School
$ 695.00
$ 857.00
Summer camp
192.00
Food
400.00
400.00
Housing
600.00
600.00
Home furnishings
249.00
Share of automobile expense
200.00
150.00
Hospitalization insurance *
25.00
25.00
Christmas and birthday gifts *
10.00
10.00
Medical insurance *
17.36
17.48
$2,196.36
$2,251.48
*6 * Represents items paid directly by petitioner.
In 1961 and 1962, amounts in addition to those listed were spent by Elizabeth M. on items for the benefit, care, and use of the three children, such as clothing, entertainment, routine doctors' bills, drugs, and sundries. Petitioner did not furnish more than one-half of the support of any of the three children for 1961 and 1962. Opinion This is another chapter in the efforts of petitioner to sustain his claim for dependency exemption for his three children by a former marriage. In the prior case ( Stanley A. Dunn, T.C. Memo. 1963-189) we found that petitioner did contribute more than one-half of the support of the children in 1958. Obviously, our holding with respect to 1958 is in no way binding upon us herein where different years, namely, 1961 and 1962, and different circumstances are involved. As our findings of fact show, we have reached a contrary result herein. Unlike the usual situation which confronts us in proceedings of this type, there is evidence as to the amounts spent for the total support of each of the three children. As in the prior case, we had the benefit of the former wife's testimony *7 by way of deposition. While her testimony was not supported by documentary evidence for each and every expenditure, we are convinced that she spent the amounts which underpin our findings as to total support. In passing, we note that during 1958 the children were 11, 8, and 4, respectively. During 1961 and 1962, the respective ages were 14-15, 11-12, and 7-8. By these later years they were all in school and in higher grade levels. We have found that their food costs increased from $350 to $400 per year. The latter is the minimum figure estimated by the former wife. It finds support in the fact that older children tend to eat more and in national statistics with respect to the approximate increase in the cost of living during the intervening years (see Consumer Price Indices published by the U.S. Department of Labor, Bureau of Labor Statistics) and with respect to estimated weekly food costs for children published by the U.S. Department of Agriculture, Consumer and Food Economics Research Division. We have also allocated three-fourths of the automobile expense to the children instead of the one-third found in our prior decision. This merely reflects the fact that, at their older ages *8 during the years involved herein, the children required more transportation. Finally, it is significant that the dollar amounts which we have found for total support do not reflect expenditures which Elizabeth M. undoubtedly made for such items as clothing, entertainment, routine doctors' bills, drugs, and sundries. In order to reflect the other adjustments agreed upon by the parties, Decisions will be entered under Rule 50.